**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| **THOMAS C. GRAY,** | ) |
| | ) |
|        **Plaintiff/** | ) |
|        **Counter-Defendant,** | ) |
| | ) |
|   vs. | )    **Case number 4:16cv01886 PLC** |
| | ) |
| **CRST EXPEDITED INC.,** | ) |
| | ) |
|        **Defendant/** | ) |
|        **Cross-Defendant,** | ) |
| | ) |
| **ALYSSA A. BROWN,** | ) |
| | ) |
|        **Defendant/** | ) |
|        **Cross-Defendant,** | ) |
| | ) |
| **ALEJANDRO M. MEDINA,** | ) |
| | ) |
|        **Defendant/** | ) |
|        **Cross-Defendant,** | ) |
| | ) |
| **JUSTIN W. MADILL,** | ) |
| | ) |
|        **Defendant/** | ) |
|        **Counterclaimant/** | ) |
|        **Cross-Claimant,** | ) |
| | ) |
| **LAS ANIMAS TRANSFER INC.,** | ) |
| | ) |
|        **Defendant/** | ) |
|        **Counterclaimant/** | ) |
|        **Cross-Claimant.** | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on a motion to dismiss without prejudice [ECF No. 30], filed by Plaintiff/Counter-Defendant ("Plaintiff") on March 10, 2017. Plaintiff has not submitted a memorandum in support of the proposed dismissal or a statement of the reason(s) for the proposed dismissal.

**I.   Background**

Plaintiff seeks monetary relief from Defendants for personal injuries he allegedly sustained in a car accident occurring on September 10, 2014, in Warren County, Missouri. Plaintiff originally filed this lawsuit against four defendants in the Circuit Court of Warren County on October 18, 2016, Gray v. Medina, Cause No. 16BB-CC00074. One of the four defendants, Las Animas Transfer, Inc., removed the lawsuit to this Court on the basis of the Court's diversity jurisdiction.[1] Plaintiff subsequently filed, with leave of Court, a first amended petition adding a defendant, Alyssa A. Brown, and changing the identification of one of the four originally named defendants, from CRST International Inc. to CRST Expedited Inc.[2] Based on the allegations in the first amended petition and the notice of removal: Plaintiff is a citizen of Tennessee; Defendant Alejandro M. Medina is a citizen of California; Defendant Justin W. Madill is a citizen of Texas; Defendant Alyssa Brown is a citizen of Missouri; Defendant Las Animas Transfer Inc., a dissolved corporation, was a citizen of Colorado only; and Defendant CRST International Inc., now CRST Expedited, Inc., is a citizen of Iowa only.[3] Defendant Las Animas Transfer Inc. and Defendant Justin Madill filed answers to the first amended petition [ECF Nos. 18 and 29 at 1-10, respectively], as well as counterclaims against Plaintiff [ECF Nos. 19 and 29 at 11-13, respectively,] and cross-claims against Defendants Brown, CRST Expedited Inc., and Medina [ECF Nos. 20 and 21; ECF Nos. 29 at 14-20, respectively].

On February 17, 2017, the Court entered a show cause order pursuant to Federal Rule of Civil Procedure 4(m) after finding more than ninety days had passed since Plaintiff filed the lawsuit and neither the state court docket sheet nor the record in this case included a return demonstrating

---

[1] Notice of Removal, filed Dec. 1, 2016 [ECF No. 1].

[2] Pl.'s First Am. Pet'n, filed Jan. 26, 2017 [ECF No. 14].

[3] Pl.'s First Am. Pet'n ¶¶ 1-3 [ECF No. 14]; Def. Las Animas Transfer Inc.'s Notice of Removal ¶¶ 7-11 [ECF No. 1].

that Plaintiff had served Defendants CRST Expedited, Inc. and Medina.[4] The Court directed Plaintiff to show cause within fourteen days of the date of the Order why the action should not be dismissed without prejudice as to Defendants CRST Expedited Inc. and Medina. Id. Plaintiff has not filed a response to the show cause order. As noted earlier, Plaintiff has also not provided an explanation or cited authority for his proposed dismissal without prejudice.

A Rule 16 conference is scheduled for 10:00 a.m. on March 29th. The parties' joint scheduling plan is due on March 22nd.

## II. Discussion

Federal Rule of Civil Procedure Rule 41 allows a plaintiff voluntarily to dismiss a case without prejudice and without a Court order when a plaintiff files either a notice of dismissal before an answer is filed or "a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A). Otherwise, a lawsuit may

> be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication.

Federal Rule of Civil Procedure 41(a)(2). In deciding whether to allow a dismissal under Rule 41(a)(2), the court considers "whether the party has presented a proper explanation for its desire to dismiss," "whether a dismissal would result in a waste of judicial time and effort," and "whether a dismissal will prejudice the defendants." Hamm v. Rhone-Poulenc Rorer Pharm., Inc., 187 F.3d 941, 950 (8th Cir. 1999). Importantly, "a party is not permitted to dismiss merely to escape an adverse decision []or to seek a more favorable forum." Id. A voluntary dismissal in a removed

---

[4] Order, filed Feb. 17, 2017 [ECF No. 17]. The show cause order included Defendant Madill, who at the time of the Order had not been served. Plaintiff subsequently served Defendant Madill.

case is subject to reversal if the court fails to address whether the motion for voluntary dismissal is "an improper forum-shopping measure." Thatcher v. Hanover Ins. Grp., Inc., 659 F.3d 1212, 1213 (8th Cir. 2011). Likewise, a voluntary dismissal may be reversed when a district court fails to make the required "inquiry into whether a 'party has presented a proper explanation for its desire to dismiss.'" Donner v. Alcoa, Inc., 709 F.3d 694, 699 (8th Cir. 2013) (quoting Thatcher, 659 F.3d at 1213).

In an effort to maintain the Rule 16 conference date and to resolve the status of as yet unserved Defendants CRST Expedited Inc. and Medina should the case not be dismissed, the Court provides deadlines for the parties to present their positions on the factors relevant to Plaintiff's proposed voluntary dismissal of this case and how the proposed dismissal affects the other pending claims. Additionally, the Court extends the deadline for the filing of the parties' joint scheduling plan and Plaintiff's response to the show cause order. Furthermore, the Court prohibits, without prior Court order for good cause shown, the filing of a reply brief regarding Plaintiff's motion.

Accordingly, after careful consideration,

**IT IS HEREBY ORDERED** that, no later than noon on Friday, March 17, 2017, Plaintiff shall file and serve on Defendants Las Animas Transfer Inc. and Madill, as well as any other Defendant entering an appearance before then, a memorandum in support of his motion to dismiss without prejudice.

**IT IS FURTHER ORDERED** that, no later than noon on Tuesday, March 21, 2017, Defendants Las Animas Transfer Inc. and Madill, and any other Defendant entering an appearance by that time, shall file any response they have to Plaintiff's motion.

**IT IS FURTHER ORDERED** that no reply brief in support of Plaintiff's motion to dismiss shall be filed except upon further order of Court for good cause shown.

**IT IS FURTHER ORDERED** that the deadline for the parties' joint scheduling plan is extended from March 22, 2017, to March 27, 2017. The Rule 16 conference remains scheduled for 10:00 a.m. on Wednesday, March 29, 2017.

**IT IS FINALLY ORDERED** that, on or before March 27, 2017, Plaintiff shall file his response to the February 17, 2017 show cause order with regard to service of process on Defendants CRST Expedited Inc. and Medina.

**Plaintiff's failure timely to comply with this Order may result in the dismissal with prejudice of Plaintiff's claims, with each party bearing its own costs. See Fed. R. Civ. P. 41(b). The failure of any Defendant who has entered an appearance timely to comply with this Order may result in the dismissal with prejudice of any counterclaim or cross-claim the Defendant filed. See, e.g., Fed. R. Civ. P. 41(b) and 41(c).**

_____
PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 14th day of March, 2017.